There is no one who can testify to all of these matters. Even Director Ilagan was not knowledgeable about *all* the government rules, procedures and tax collection policies. Mr. Fisher demanded at the abortive deposition that the government name a person with knowledge of the subject "without limitation." Counsel submits that even a Guam tax lawyer could not fulfill this request. The various parts of the audit, assessment, adjudicative and collection processes are supervised by different persons. No one of them can know the entire process.

Mr. Fisher asked Mr. Hallera: "Are you competent to testify about" this, that or the other thing. Mr. Hallera answered "no", perhaps because he was a little intimidated. If Mr. Fisher would use layperson's English, he would probably get farther. He also intimated that Mr. Hallera's testimony would "bind" the Government of Guam. Counsel is unsure what "binds" means in this context. So far as counsel knows, deposition testimony does not "bind" anyone except that, for evidentiary purposes, it makes a record of the witness's testimony and can be used for impeachment. It is true that the statements of an organization at a Rule 30(b)(6) deposition are deemed to state the organization's position on a subject. <u>Sprint Communications Co., L.P. v. Theglobe.com</u>, 236 F.R.D. 524 (D.Kan. 2006); <u>Media</u> [redacted]

government pursuant to FRCP 30(d)(3) to the subject matters he is familiar with and to postpone said deposition to a time agreeable to all parties. To comply with Rule 30(b)(6), the witness must gather documents, interview witnesses and the individual named must be prepared to testify to matters outside his personal knowledge. Poole v. Textron, Inc., 192 F.R.D. 494 (D.Md. 2000); Alexander v. Federal Bureau of Investigation, 186 F.R.D. 148 (D.D.C. 1999). Given the long history of this case, and the voluminous number of documents involved, it is not realistic for the government to designate one person to testify about it. Even with two weeks' notice, it is dubious that anyone could live up to Mr. Fisher's expectations.

For additional information, the government suggests that Mr. Fisher depose Mr. Hallera (as an individual witness), Ms. Jennifer Untalan, and perhaps some other DRT employees who worked on this case. These persons know the processes involved and the facts of this case. They should be subpoenaed as individual witnesses and not as representatives of the Government of Guam.

The Government is attempting to co-operate with Plaintiffs and is, in effect, telling them how to organize their discovery. The order terminating this particular deposition