

**Office of the Attorney General**
**Alicia G. Limtiaco**
Attorney General of Guam
**Civil Division**
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| DENNIS G. AND ASUNCION S. RODRIGUEZ, ) ) ) Plaintiffs, ) ) vs. ) ) THE GOVERNMENT OF GUAM AND ) ARTEMIO B. ILAGAN IN HIS CAPACITY ) AS DIRECTOR DEPARTMENT OF ) REVENUE AND TAXATION, ) ) Defendants. ) | CIVIL CASE NO CV09-00025<br><br>**REPLY MEMORANDUM REGARDING MOTION FOR PROTECTIVE ORDER** |

Plaintiff makes much of Defendants' purported failure to designate an organizational witness, but ignores the timelines he forced upon Defendant Government of Guam. Due to Mr. Ilagan's being off-island, counsel had, in effect, less than two days to discuss the designation of such a witness. Small wonder then that Mr. Hallera could not testify to everything Mr. Fisher wanted.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page 1
*Reply Memorandum Regarding Motion for Protective Order*
District Court of Guam; CV09-00025

Case 1:09-cv-00025   Document 67   Filed 05/11/10   Page 1 of 3

There is some question as to what Mr. Fisher wanted anyway. At the deposition, he repeatedly asked Mr. Hallera whether he was "competent to testify" about matters that have nothing to do with either the case or Mr. Hallera's area of expertise.

Does Mr. Fisher want to proceed with Mr. Hallera's deposition? Does he want someone else to testify? Why does he need to depose the government of Guam anyway? The major points of the government's case were laid out in what was characterized as either a Rule 12(b)(6) or a Rule 56 motion. He already knows the government's legal position.

Mr. Fisher attempted to intimidate Mr. Hallera and to distort the process by insinuating that Mr. Hallera's testimony would "bind" the government. That is not the law. FRCP 30(b)(6) authorizes a party to take an organization's deposition through a designated witness or witnesses. However, while the witness is expected to state the organization's position, he is still there mainly to give facts. The testimony of a witness testifying on behalf of an organization pursuant to Rule 30(b)(6) is an evidentiary admission but not a judicial admission. United States v. M & T Mort. Corp., 235 F.R.D. 11, 22 (D.D.C. 2006); Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 218 F.R.D. 455, 462 (M.D.N.C. 2003); Media Services Group, Inc. v. Lesso, Inc., 45 F.Supp.2d 1237, App. C (D.Kan. 1999). "the agent's testimony is generally admissible as a statement of the corporation." United States v. M & T Mort. Corp., supra. However, it can be explained or modified just as any other evidentiary statement can be. Ibid., Interstate Narrow Fabrics, Inc., supra. The agent's answers do not lock the organization into a legal box than any ordinary deponent's answers do. The court should clarify this before Mr. Fisher takes another shot at this.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page 2
*Reply Memorandum Regarding Motion for Protective Order*
District Court of Guam; CV09-00025

Case 1:09-cv-00025   Document 67   Filed 05/11/10   Page 2 of 3

The Motion for a Protective Order should be granted before the discovery process gets any further off the track.

Dated this 11th day of May, 2010.

                    OFFICE OF THE ATTORNEY GENERAL
                    **Alicia G. Limtiaco**, Attorney General

By: _____
      **DAVID J. HIGHSMITH**
      Assistant Attorney General