DISTRICT COURT OF GUAM

TERRITORY OF GUAM

|  |  |
|---|---|
| DENNIS G. and ASUNCION S. RODRIGUEZ,<br><br>Petitioners,<br><br>vs.<br><br>GOVERNMENT OF GUAM and<br>ARTEMIO B. ILAGAN, in his capacity as<br>Director, Department of Revenue and Taxation,<br><br>Respondents. | CIVIL CASE NO. 09-00025<br><br><br><br>**ORDER** |

This matter is before the court on a Motion for Protective Order (the "Motion"), filed by the Respondents on May 6, 2010. *See* Docket No. 61. The Petitioners filed their Opposition to the motion on May 7, 2010. *See* Docket No. 66. The Respondents thereafter filed a Reply Brief on May 11, 2010. *See* Docket No. 67. The parties did not request that the Motion be set for hearing, and the court believes that oral argument would not aid it in resolving the Motion. Accordingly, the court issues the following Order denying without prejudice the motion for protective order at this time.

**ANALYSIS**

Based on the pleadings before the court,[1] it appears that on April 23, 2010, pursuant to

---

[1] Neither party submitted declarations nor relevant portions of the deposition transcript in support of their respective positions. Thus, the court is left to merely rely upon the scant facts and arguments raised in the pertinent pleadings.

Rule 30(b)(6)[2] of the Federal Rules of Civil Procedure, the Petitioners noticed the deposition of the Government of Guam for April 29, 2010, at 1:00 p.m.[3] The Respondents decided that Renato Hallera would "be the most appropriate witness for the government."[4] *See* Motion, Docket No. 61, at 3.

Assistant Attorney General Highsmith and Mr. Hallera appeared for the scheduled deposition. At this point, the parties account of the events diverge. According to the Respondents, after about 20 minutes of questioning Mr. Hallera, Thomas Fisher, counsel for the Petitioners, stated that he was dissatisfied with Mr. Hallera as a designated witness for the government. *See* Motion, Docket No. 61, at 2 Mr. Fisher "ceased questioning and demanded that Mr. Highsmith designate a more suitable witness to discuss the subjects described in the Notice of Deposition."[5] *Id.* at 3.

---

[2] This rule, in pertinent part, provides that

> [i]n its notice or subpoena, a party may name as the deponent a . . . governmental agency, or other entity and must describe with reasonable particularity the matters for examination. *The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.*

Fed. R. Civ. P. 30(b)(6) (emphasis added).

[3] The Respondents appear to complain about the short notice given by the Plaintiffs and the fact that they did not consent to the date and time of the deposition. *See* Motion, Docket No. 61, at 3. If the Respondents believed the date and time for the Rule 30(b)(6) was so objectionable or unreasonable, they could have filed a motion for protective order before the scheduled deposition, but the Respondents did not do so.

[4] According to the Motion, Mr. Hallera is the head of the appeals branch at the Department of Revenue and Taxation ("DRT"). *See* Motion, Docket No. 61, at 2. It appears that the Director of DRT believed Mr. Hallera "knew more about the case at hand than anyone else at DRT." *Id.* at 3. Furthermore, Assistant Attorney General David Highsmith, counsel for the Respondents, found Mr. Hallera to be "very well informed about the adjudicative processes at DRT." *Id.*

[5] Based on the Notice of Deposition appended to the Petitioners' Opposition, the Petitioners sought to depose the Government's designee "with respect to all matters referenced in the Petitioners' Petition for Lien Action, and including but not limited to, the procedures fo the Department of Revenue and Taxation in receiving, processing, rejecting, and returning offers in compromise." *See* Opposition, docket No. 66, and attachment thereto.

According to the Petitioners, Mr. Hallera was asked if he were prepared to answer questions concerning the noticed subjects and he responded "no." *See* Opposition, Docket No. 66 at 3. Mr. Hallera also indicated that he was not aware that he was the Government's designee. *Id.* After about 20 minutes, Mr. Highsmith terminated the deposition and left with Mr. Hallera. *Id.*

Thereafter, the Respondents filed the instant motion seeking "to curtail the deposition of the government pursuant to [Fed. R. Civ. P.] 30(d)(3) to the subject matters he is familiar with and to postpone said deposition to a time agreeable to all parties."

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, when a motion for protective order is filed, it "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Additionally, Rule LR 37.1(a) of the Local Rules of Practice for the District Court of Guam,

> [p]rior to the filing of any motion relating to a discovery dispute, counsel for the parties shall *meet in person* in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. *It shall be the responsibility of counsel for the moving party to arrange for the conference.*

Rule LR 37.1(a).

"If counsel are unable to settle their difference, they shall formulate a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing and the contentions and points and authorities of each party." Rule LR 37.1(b). Failure to cooperate in good faith could result in the imposition of sanctions at the discretion of the court. Rule LR 37.1(d).

In this case, the Respondents' Motion did not include the certification required by Fed. R. Civ. P. 26(c)(1). It does not appear that the parties met in person as required by Rule LR 37.1(a) in a good faith effort to resolve their dispute. Nor did the parties comply with Rule LR 37.1(b) in formulating a written stipulation specifying separately and with particularity each issue that remains to be determined by the court. What is evident is that the parties have failed

to cooperate with each other in a good faith effort to resolve their dispute without the need for court intervention. Had the parties attempted to meet in person as required by the Local Rules, the court believes they could have reached a resolution of this dispute without the need for further court action. Instead, the Respondents have prematurely petitioned the court without first attempting to resolve the matter in good faith with the petitioners.

Accordingly, the court hereby DENIES the Motion for Protective Order without prejudice. In denying the Motion without prejudice, the court notes that Respondents have an obligation to select an individual or individuals to testify to the areas specified in the notice. If the representative or representatives selected are not able to testify as to the department's collective information, the Respondents have a duty to gather the information and prepare the representatives so the representatives can give complete, knowledgeable, and binding testimony. *See Bragos River Authority v. G.E. Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("The duty to present and prepare a rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources") (internal quotes and citations omitted). *See also Bd. Of Trs. Of Leland Stanford Junior Univ. V. Tyco*, 253 F.R.D. 524, 525-26 (E.D. Cal. 2009) ("[I]n a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. . . . In light of this, with regard to choosing a deponent to speak on behalf of the corporation, companies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter. . . . Thus, even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed. Such preparation is necessary because the individuals so deposed are required to testify to the knowledge of the corporation, not the individual.") (internal quotes and citations omitted); and *Fowler v. State Farm Mt. Auto. Ins. Co.*, 2008 WL 4907865 (D. Haw. Nov. 14, 2008) ("the corporation must 'prepare its designee to be able to give binding answers on its behalf . . . and

perform a reasonable inquiry for information' that is noticed and reasonably available to it.") (*quoting State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 216-17 (E.D. Pa.2008)).

If the Respondents believe that a protective order is still necessary, then the parties must comply with the requirements of both the Federal Rules of Civil Procedure and the Local Rules of Practice for the District Court of Guam before bringing a renewed motion on the matter. The Court will not impose sanctions against either party in this instance, but the court cautions all counsel that it will not hesitate to impose sanctions in the future, if warranted, when the rules are not followed.

IT IS SO ORDERED.



**/s/ Joaquin V.E. Manibusan, Jr.**
   **U.S. Magistrate Judge**
**Dated: Jun 14, 2010**